MARVIN J. POLLAN & another *vs.* MICHAEL J. HOFFMAN. January 11, 1966. The plaintiffs' bill in equity seeks relief against Hoffman, as mortgagee, with respect to their notes to him secured by a second mortgage on their residence and by a chattel mortgage. The notes did not disclose, as separate items, the principal loan, "the rate of interest or its equivalent in money, the period of the loan and the periodic due dates, if any, of principal and interest." See G. L. c. 140, § 90B (inserted by St. 1959, c. 505, § 1). See also § 90A (as amended by St. 1960, c. 446; since amended by St. 1962, c. 286). In the absence of the required separate disclosures, a lender upon notes, representing a loan of more than $1,500, secured by a junior mortgage of certain residential real estate assessed for "not over" $10,000 (see § 90A) "shall have no right to collect interest." See § 90B. Hoffman realized $17,000 by foreclosure of the second mortgage and $2,100 by foreclosure of the chattel mortgage. Taking into account various other payments by the mortgagors and amounts paid out by Hoffman, the trial judge ordered the entry of a decree that Hoffman pay to the plaintiffs the difference between (a) the aggregate amounts realized by him by the foreclosures or paid to him by the plaintiffs, and (b) the principal amount of the loan and proper expenses paid out by him. Hoffman appealed from the final decree. We regard the somewhat confused report of material facts as

sufficient to sustain the decree. Read as a whole, with the facts established by the pleadings, the report (a) contains a finding that the residential real estate was assessed for less than $10,000 at relevant times, and (b) discloses adequately the aggregate amounts properly advanced by Hoffman, although the computation appears to have been unduly favorable to him by $70. With respect to this minor error, adverse to them, the plaintiffs have not appealed.

*Decree affirmed with costs of appeal.*

*Norman P. Mamber* for the defendant.
*Herbert D. Lewis* for the plaintiffs.